Alex James ZIADY, Jr., by his next friend, Mary Catherine Reed, Plaintiff,

v.

Julia Ziady CURLEY, individually, Julia Ziady Curley, Trustee for Alex James Ziady, Jr., under last will and testament of Alex James Ziady; and Julia Ziady Curley, Guardian for Alex James Ziady, Jr., by appointment of the Superior Court of Johnston County, North Carolina, Defendant.

Civ. No. 1724.

United States District Court
E. D. North Carolina,
Raleigh Division.

April 27, 1967.

---

the father and minor plaintiff resided together in Johnston County, North Carolina, until the death of the father, and that the mother remarried April 17, 1961, and that subsequent to the father's death the mother removed the child from the State of North Carolina to the State of New Jersey where she was domiciled with her second husband;

And the court being of the opinion that the widow of a citizen of North Carolina who has remarried, and takes the infant child of the first husband from North Carolina, where he had acquired the domicile of his father, to live with her at the home of the second husband in New Jersey, does not change the domicile of the child. Lamar, Ex'r. v. Micou, Adm'x., 112 U.S. 452, 5 S.Ct. 221, 28 L. Ed. 751 (1884). Now, therefore,

It is ordered that the defendant's motion to dismiss the complaint for lack of diversity jurisdiction be, and the same is hereby allowed.

John V. Hunter, III, Raleigh, N. C., for plaintiff.

E. V. Wilkins, Smithfield, for defendant.

BUTLER, Chief Judge.

This cause coming on to be heard, and being heard, upon defendant's motion to dismiss the complaint on the ground that the court is without jurisdiction, and it appearing to the court that this action was instituted by the mother of the minor plaintiff, as his next friend, for relief against the defendant as testamentary trustee under the last will and testament of the child's father, Alex James Ziady, who died a citizen of Johnston County, North Carolina, on the 31st day of January, 1964, and that the minor plaintiff's mother and father were divorced March 27, 1961, and under the divorce decree the custody of the minor plaintiff was awarded to the father, and